UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CLEMENT A. MORRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 19-11158-ADB |
| | * | |
| DESMOND LAM, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) denies without prejudice the plaintiff's motion for leave to proceed *in forma pauperis*; and (2) directs the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

I.   BACKGROUND

On May 21, 2019, *pro se* plaintiff Clement G. Morris of South Boston, Massachusetts, filed a complaint for damages. *See* Complaint, Dkt. No. 1. Named as defendants are Desmond Lam, an investment advisor from Quincy, Massachusetts, and Suzanne Lee, a former Boston City Councilor and alleged to be Morris' landlord. *Id.* Attached to the complaint is a one-page contract purportedly entered between Morris and Lee concerning "fashion design and stamps." *See* Dkt. No. 1-1. For relief, Morris seeks "40 Million Dollars." *See* Compl., at ¶ IV (relief).

With his complaint, Morris filed an Application to Proceed Without Prepayment of Fees and Affidavit. *See* Dkt. No. 2.

**II.      IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915, a person seeking to proceed *in forma pauperis* must submit an affidavit that includes "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Morris filed this statement using a form application provided by the Court. *See* Dkt. No. 2. He indicates that he is unemployed, has no source of income and owns no property. However, he failed to answer Question 3 which asks whether he received any money during the past 12 months, and if yes, the source of money, the amount received and what he expects to continue to receive. In the portion of the application in which the litigant is directed to report persons dependent upon him for support and the amount contributed to such support, Morris wrote "yes."

Morris' application is incomplete. The Court cannot ascertain whether Morris is unable to pay the filing fee unless Morris discloses the amount of money he has received and, more importantly, the amount of money he expects to receive. Additionally, to the extent that Morris has access to the assets of a family member, it is proper for the Court to consider the financial position of both persons in considering whether the plaintiff should be allowed to proceed *in forma pauperis*. *See, e.g., Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978))).

For these reasons, the Court will deny without prejudice the motion for leave to proceed *in forma pauperis*.

**III.     SUBJECT MATTER JURISDICTION**

The Court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Subject matter jurisdiction concerns the types of cases that a federal district court has the power to adjudicate, or, in other words, a court's "power to issue [an] order." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 77 (1988). "'Federal courts are of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian of Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994)). The requirement of subject matter jurisdiction cannot be waived by the parties, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**IV.     DISCUSSION**

Congress has given federal district courts original jurisdiction over civil claims arising under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and civil claims between parties who are citizens of different states where the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332").

Here, it does not appear that subject matter jurisdiction exists under § 1331 or § 1332. The complaint does not allege a violation of federal law and to the extent the complaint alleges a breach of contract, diversity of citizenship does not exist as the parties are alleged to be residents of Massachusetts.

## V.   CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 2] is DENIED without prejudice. If the plaintiff wishes to pursue this action, he must, within twenty-one days, either (1) pay the $400 filing fee; or (2) file a renewed motion for leave to proceed *in forma pauperis*. Failure to comply with this directive may result in dismissal of this action. The Clerk shall provide Morris an Application to Proceed in District Court without Prepaying Fees or Costs.

2. The plaintiff must, within twenty-one days of the date of this order, show cause why this action should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal of the action.

**SO ORDERED.**

June 20, 2019                                                                 /s/ Allison D. Burroughs
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE